## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

VANDA PHARMACEUTICALS, INC.,
2200 Pennsylvania Avenue NW
Suite 300E
Washington, DC 20037

Civ. No. 1:22-cv-2775

                                        Plaintiff,

v.

FOOD AND DRUG ADMINISTRATION,
10903 New Hampshire Avenue
Silver Spring, MD 20993

                                        Defendant.

## COMPLAINT FOR A WRIT OF MANDAMUS
## AND 5 U.S.C. § 706(1) RELIEF

Plaintiff Vanda Pharmaceuticals, Inc. ("Vanda") brings this complaint against Defendant

Food and Drug Administration ("FDA") and alleges as follows:

### NATURE OF THE ACTION

1.       Vanda brings this action to compel Defendant FDA to comply with two separate

nondiscretionary duties under the Federal Food, Drug, and Cosmetic Act ("FDCA") and its

implementing regulations: a duty to publish notice of an opportunity for a hearing on Vanda's

supplemental new drug application ("sNDA") in the Federal Register within 180 days of the filing

of the application, and a separate duty to publish the same notice within 60 days of Vanda's request

for a hearing opportunity. 21 U.S.C. § 355(c)(1); 21 C.F.R. § 314.200(a)(2). As of the date of this

complaint, it has been 1366 days since Vanda's sNDA was filed, and 74 days since Vanda

requested an opportunity for a hearing.

## PARTIES

2.     Plaintiff Vanda Pharmaceuticals, Inc., is a global biopharmaceutical company focused on the development and commercialization of innovative therapies to address high-impact unmet medical needs and improve the lives of patients. Vanda is incorporated in Delaware and maintains its principal place of business in Washington, DC.

3.     Defendant Food and Drug Administration ("FDA") is an agency of the United States government within the Department of Health and Human Services, with its principal office at 10903 New Hampshire Avenue, Silver Spring, MD.

## JURISDICTION AND VENUE

4.     This action seeks the compulsion of agency action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(1) *et seq.*, and mandamus relief under the Mandamus Act, 28 U.S.C. § 1361, and All Writs Act, 28 U.S.C. § 1651.

5.     Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because the cause of action asserted arises under the laws of the United States. This Court also has jurisdiction pursuant to the Mandamus Act, 28 U.S.C. § 1361.

6.     Venue in this court is appropriate pursuant to 28 U.S.C. § 1391(e)(1), because Plaintiff Vanda resides in this district, and no real property is involved in this action.

## FACTUAL ALLEGATIONS

### A.     Statutory and Regulatory Background

7.     The FDCA sets out a comprehensive scheme for federal government approval of newly developed drugs, and it prohibits the introduction into interstate commerce of any new drug absent approval of a new drug application ("NDA"). *See* 21 U.S.C. § 355(a).

8.     The FDCA also sets out a mandatory timeframe for action on a drug manufacturer's NDA. Specifically, the statute provides that "Within one hundred and eighty days after the filing

of an [NDA], or such additional period as may be agreed upon by the [FDA] and the applicant, the [FDA] shall either—(A) approve the application . . . or (B) give the applicant notice of an opportunity for a hearing." 21 U.S.C. § 355(c)(1). This same timeline applies to action on a supplemental new drug application (sNDA), which is the mechanism through which the manufacturer of an already approved drug may seek approval for an additional indication—that is, approval to treat a different condition. *See generally* 21 C.F.R. § 314.70.

9.    FDA regulations provide that the "notice" that Section 355(c)(1) requires FDA to provide within 180 days is effectuated through FDA publishing the notice in the Federal Register. *See* 21 C.F.R. § 314.200(a)(2).

10.    FDA regulations purport to suspend the 180-day deadline during any period after the agency sends the applicant a "complete response letter" identifying problems with the NDA, and before the applicant takes one of a list of specified actions, including formally requesting an opportunity for a hearing. 21 C.F.R. § 314.110(b), (c). The regulations further provide that once the applicant does request an opportunity for a hearing, FDA "will either approve the application . . . , or refuse to approve the application . . . and give the applicant written notice of an opportunity for a hearing" "[w]ithin 60 days of the date of the request for an opportunity for a hearing." *Id.* § 314.110(b)(3).

**B.    Procedural background**

11.    Vanda develops and markets innovative pharmaceutical products to address high-impact unmet patient needs. One of its drugs is Hetlioz, a circadian-rhythm regulator that is currently approved by FDA to treat a condition called Non-24, a circadian rhythm disorder in which a patient's internal clock is mismatched to the 24-hour day/night cycle.

12.    Vanda is studying Hetlioz to treat additional conditions, including Jet Lag Disorder. Vanda completed substantial studies demonstrating Hetlioz's efficacy in treating Jet Lag Disorder;

these studies formed the basis of an sNDA seeking to add a Jet Lag Disorder indication to the FDA-approved label for Hetlioz. Vanda submitted its Hetlioz Jet Lag sNDA on October 16, 2018, and FDA deemed the sNDA filed on December 17, 2018. *See* 21 C.F.R. § 314.101 (providing that NDAs are deemed filed "60 days after the date FDA received the NDA").

13.    On August 16, 2019—day 242 after the deemed filing of Vanda's sNDA, and day 304 after the sNDA was submitted—FDA issued a "Complete Response Letter," which "determined that [FDA] cannot approve [Vanda's] application in its present form." Rather than give Vanda the statutorily required notice of opportunity for a hearing, however, the Complete Response Letter required Vanda to either "resubmit" its sNDA or risk having its application deemed withdrawn, pursuant to FDA's Complete Response Letter regulations. *See* 21 C.F.R. § 314.110.

14.    Following an unsuccessful dispute-resolution process, the sNDA lay dormant for several years. Then, on July 1, 2022, Vanda formally requested an opportunity for a hearing on the approvability of the sNDA.

15.    On August 26, 2022, FDA privately delivered to Vanda what the agency characterized as a notice of opportunity for hearing. That notice was not, and still has not been, published in the Federal Register consistent with 21 C.F.R. § 314.200(a).

16.    Worse, FDA has refused to provide *any* date certain for publication in the Federal Register, taking the position in correspondence with Vanda that there is *no* deadline to publish the notice and thereby complete the statutorily required "notice" and begin the hearing process, consistent with FDA's regulation.

## FDA'S FAILURE TO ACT IS UNLAWFUL

17.    FDA's failure to abide by its mandatory obligations—under the FDCA and its own regulations—to act on Vanda's sNDA within 180 days, and on Vanda's request for an opportunity

for a hearing within 60 days, is unlawful and warrants the issuance of a writ of mandamus and/or relief under 5 U.S.C. § 706(1) to "compel agency action unlawfully withheld or unreasonably delayed." The legal analysis for both forms of relief is the same: Analysis under the *TRAC* factors. *See, e.g.*, *Bagherian v. Pompeo*, 442 F. Supp. 3d 87, 96 (D.D.C. 2020) ("The standard by which a court reviews agency inaction is the same under both § 706(1) of the APA and the Mandamus Act.") (quotation marks omitted; alteration incorporated).

18.    In *TRAC*, the D.C. Circuit set out a number of factors that govern claims of unreasonable agency delay:

- (1) the time agencies take to make decisions must be governed by a rule of reason,

- (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason;

- (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake;

- (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority;

- (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and

- (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*TRAC*, 750 F.2d at 79-80 (citations and quotation marks omitted).

19.    Those factors are satisfied here. *See, e.g. Sandoz, Inc. v. Leavitt*, 427 F. Supp. 2d 29 (D.D.C. 2006) (finding FDA's noncompliance with the 180-day deadline for NDAs unlawful, and compelling FDA action pursuant to 5 U.S.C. § 706(1)). In particular, the FDCA's 180-deadline for response to an NDA is both binding and judicially cognizable (*see id.* at 34-38); the agency's delay of more than 1000 days is "egregious" (*id.* at 40); and, on information and belief, the FDA

5

routinely adjudicates other NDAs and sNDAs in substantially less time, indicating that "plaintiff's NDA has languished while other NDAs have been processed" (*id.* at 39).

20.     FDA's Complete Response Letter regulations do not absolve the agency of its statutory responsibility to act, by approving the NDA or giving notice of an opportunity for hearing, within 180 days. *See* 21 U.S.C. § 355(c)(1). Adopted in 2008, those regulations provide that, rather than giving the notice of opportunity for hearing required by statute, FDA will instead "send the applicant a complete response letter if the agency determines that we will not approve the application . . . in its present form." 21 C.F.R. § 314.110(a). The regulations then give the applicant three options: (1) "[r]esubmission" of the NDA, "addressing all deficiencies identified in the complete response letter"; (2) "[w]ithdrawal" of the application; or (3) that the applicant must *request* the opportunity for a hearing guaranteed by statute. *Id.* § 110(b)(1)-(3). And the regulations further assert that "[a]n applicant agrees to extend the review period under [21 U.S.C. § 355(c)(1)] until it takes any of the actions" just listed. 21 C.F.R. § 314.110(c).

21.     Of course, a regulation that is inconsistent with statute is void, and cannot provide a legitimate basis for an agency's action (or failure to act). *See, e.g.*, *NAACP v. DeVos*, 485 F. Supp. 3d 136, 145 (D.D.C. 2020) ("The authority to issue regulations is not the power to make law, and a regulation contrary to a statute is void.") (quoting *Orion Reserves Ltd. P'ship v. Salazar*, 553 F.3d 697, 703 (D.C. Cir. 2009)). By purporting to allow the agency to avoid its statutory deadline for action, the complete response letter regulations conflict with the statute, and are therefore a nullity. *Id.*

22.     Nor is the regulation's flat assertion that "[a]n applicant agrees to extend" FDA's statutory deadline "until [the applicant] takes" specified action (21 C.F.R. § 314.110(c)) a legitimate application of the FDCA's provision that the deadline "shall" be either 180 days "or

6

such additional period as may be agreed upon by the [FDA] and the applicant." 21 U.S.C. § 355(c)(1). Under fundamental principles of contract law, an "agree[ment]" (*id.*) both "requires a bargain in which there is a manifestation of mutual assent" (Restatement (Second) of Contracts § 17)—that is, it cannot be created by one party unilaterally—and cannot exist absent bargained-for consideration (*id.* § 71)), which is also lacking here, where the applicant gains nothing from purportedly absolving FDA from its statutory deadline. *See, e.g.*, *United States v. Honeywell Int'l, Inc.*, __ F. 4th ___, 2022 WL 3723020, at *5 (D.C. Cir. Aug. 30, 2022) (courts "presume Congress employs common law terms with their common law meaning, absent a contrary indication in the statute"); *cf. also* Restatement (Second) of Contracts § 177 (providing that where one "party's manifestation of assent is induced by undue influence by the other party," the "contract is voidable by the victim").

23.     Because there was no legitimate "agree[ment]" (21 U.S.C. § 355(c)(1)) between FDA and Vanda to extend FDA's statutory deadline to act, that deadline has long since passed, notwithstanding anything to the contrary in the complete response letter regulations. *See, e.g.*, *NAACP*, 485 F. Supp. 3d at 145. As in *Sandoz*, therefore, FDA's years-long inaction on Vanda's sNDA warrants APA and mandamus relief.

24.     Critically, FDA's informal, non-public notice to Vanda on August 26, 2022, does not satisfy the agency's obligation under the FDCA or its regulations. FDA's regulations provide that it is publication in the Federal Register, not provision of any private notice document, that completes the "notice" required by Section 355(c)(1)(B), and thus triggers FDA's obligation to commence a hearing. That much is made plain by the fact that the statute itself provides a 30-day timeframe "after [the] notice" for an applicant to request a hearing (21 U.S.C. § 355(c)(1)(B)), and FDA's regulations provide the applicant "30 days after the date of [Federal Register] *publication*"

to do so (21 C.F.R. § 314.200(a)(2) (emphasis added)). Because a regulation cannot change the plain text of a statute, the only way this regulation makes sense is if Federal Register publication—rather than an earlier, informal notice to the applicant alone—constitutes the statutory "notice" required by the FDCA.

25.     Thus, to the extent FDA may contend—as it has in private correspondence with Vanda—that it can satisfy its 180-day notice deadline under the FDCA with non-public notice, but then indefinitely delay the Federal Register publication that begins the hearing process, that interpretation is contrary to the plain statutory and regulatory structure, and therefore cannot justify the agency's inaction. *See, e.g.*, *Policy & Res., LLC v. U.S. Dep't of Health & Human Servs.*, 313 F. Supp. 3d 62, 72 (D.D.C. 2018) ("It is . . . clear beyond cavil that an agency acts arbitrarily and capriciously if it acts in a manner that is contrary to its own regulations."); *Hushan Zhang v. USCIS*, 344 F. Supp. 3d 32, 46-50 (D.D.C. 2018) (setting aside agency action premised on an interpretation of the agency's own regulation that "contravenes the regulation's plain meaning"). The only reasonable reading of the statutory and regulatory structure is that publication of notice in the Federal Register both stops the statutory 180-day clock (and the 60-day clock imposed by regulation), and starts the subsequent clock for hearing proceedings. *See* 21 U.S.C. § 355(c)(1)(B) (hearing must commence 120 days after the mandated notice). The agency cannot stop the first clock without starting the second.

26.     In sum, the FDA must abide by the mandatory timeframes imposed by statute and binding regulation. Moreover, FDA's unlawful delays continue to grow, heightening the need for relief. Mandamus is therefore warranted to compel the action required under the FDCA and its implementing regulations: notice in the Federal Register of opportunity for a hearing.

## CLAIMS

### COUNT I

### Administrative Procedure Act, 5 U.S.C. § 706(1)

27.     Vanda hereby incorporates and re-alleges the foregoing paragraphs as though fully set forth herein.

28.     The APA empowers courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

29.     The FDCA imposes a nondiscretionary duty on FDA to either "approve" Vanda's sNDA or "give [Vanda] notice of an opportunity for a hearing" in the Federal Register "[w]ithin one hundred and eighty days after the filing of" the sNDA (21 U.S.C. § 355(c)(1); *see* 21 C.F.R. § 314.200(a)(2)), but it has now been over 1000 days since the filing of Vanda's sNDA, and the agency has not done so.

30.     FDA regulations also impose a nondiscretionary duty on FDA to "either approve the application . . . , or refuse to approve the application . . . and give the applicant written notice of an opportunity for a hearing" in the Federal Register "[w]ithin 60 days of the date of the request for an opportunity for a hearing" (21 C.F.R. § 314.110(b)(3)), but it has now been 74 days since Vanda's request for an opportunity for hearing, and the agency has not done so.

31.     The factors laid out by the D.C. Circuit in *TRAC*, 750 F.2d 70, warrant relief.

32.     The Court should therefore "compel" FDA to act on Vanda's sNDA and request for an opportunity for hearing pursuant to 5 U.S.C. § 706(1) by either approving the sNDA or publishing notice of an opportunity for hearing in the Federal Register.

9

## COUNT II

### Mandamus Act, 28 U.S.C. § 1361

33.     Vanda hereby incorporates and re-alleges the foregoing paragraphs as though fully set forth herein.

34.     The Mandamus Act provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; *see also id.* § 1651 (All Writs Act, providing that courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law").

35.     The FDCA imposes a nondiscretionary duty on FDA to either "approve" Vanda's sNDA or "give [Vanda] notice of an opportunity for a hearing" in the Federal Register "[w]ithin one hundred and eighty days after the filing of" the sNDA (21 U.S.C. § 355(c)(1); *see* 21 C.F.R. § 314.200(a)(2)), but it has now been over 1000 days since the filing of Vanda's sNDA, and the agency has not done so.

36.     FDA regulations also impose a nondiscretionary duty on FDA to "either approve the application . . . , or refuse to approve the application . . . and give the applicant written notice of an opportunity for a hearing" in the Federal Register "[w]ithin 60 days of the date of the request for an opportunity for a hearing" (21 C.F.R. § 314.110(b)(3)), but it has now been 74 days since Vanda's request for an opportunity for hearing, and the agency has not done so.

37.     The factors laid out by the D.C. Circuit in *TRAC*, 750 F.2d 70, warrant relief.

38.     The Court should therefore issue a writ of mandamus compelling FDA to act on Vanda's sNDA and request for an opportunity for hearing by either approving the sNDA or publishing notice of an opportunity for hearing in the Federal Register.

## PRAYER FOR RELIEF

WHEREFORE, Vanda respectfully requests that this Court enter judgment in its favor and that the Court:

1.     Declare that FDA's lack of compliance with its statutory obligation to act on Vanda's sNDA within 180 days violates the FDCA;

2.     Declare that FDA's lack of compliance with its regulatory obligation to act on Vanda's request for opportunity for hearing within 60 days violates FDA regulations;

3.     "[C]ompel" FDA to comply with its statutory obligation to act on Vanda's sNDA within 180 days pursuant to 5 U.S.C. § 706(1);

4.     "[C]ompel" FDA to comply with its obligation to act on Vanda's request for opportunity for hearing within 60 days pursuant to 5 U.S.C. § 706(1);

5.     Issue a writ of mandamus requiring FDA to comply with its statutory obligation to act on Vanda's sNDA within 180 days;

6.     Issue a writ of mandamus requiring FDA to comply with its obligation to act on Vanda's request for opportunity for hearing within 60 days;

7.     Award Vanda such other and further relief as the Court may deem just and proper.

Dated: September 13, 2022

Respectfully submitted,

*/s/ Paul W. Hughes*
Paul W. Hughes (D.C. Bar No. 997235)
Sarah P. Hogarth (D.C. Bar No. 1033884)
Andrew A. Lyons-Berg (D.C. Bar No. 230182)
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, NW
Washington, DC 20001
(202) 756-8000
phughes@mwe.com

*Attorneys for Plaintiff*

12